| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>Caption in compliance with D.N.J. LBR 9004-1<br><br>**FOX ROTHSCHILD LLP**<br>Michael R. Herz, Esq.<br>Joseph A. Caneco, Esq.<br>49 Market Street<br>Morristown, NJ 07960-5122<br>(973) 992-4800 (Telephone)<br>(973) 992-9125 (Facsimile)<br>mherz@foxrothschild.com<br>jcaneco@foxrothschild.com<br>*Attorneys for Mahwah Property Owner, LLC* | |
| In re:<br><br>AMERICAN LIMOUSINE LLC<br><br>Debtor. | Case No. 21-10121-SLM<br><br>Chapter 11 (Subchapter V)<br><br>Hon. Stacey L. Meisel<br><br>**Hearing Date: May 11, 2021**<br>**Hearing Time: 11:00 a.m.**<br><br>**Objection Deadline: May 4, 2021** |

**MEMORANDUM OF LAW IN SUPPORT OF MAHWAY PROPERTY OWNER, LLC'S MOTION TO ALLOW AND COMPEL PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b)(1) FOR POST-PETITION AMOUNTS DUE FOR <u>POSSESSION OF REAL PROPERTY</u>**

Mahwah Property Owner, LLC ("<u>Mahwah</u>"), an administrative creditor in the above-captioned subchapter V chapter 11 bankruptcy case of American Limousine LLC (the "<u>Debtor</u>"), by and through its undersigned counsel, submits this memorandum of law in support of its motion (the "<u>Motion</u>") pursuant to 11 U.S.C. § 503(b)(1) for entry of an order allowing and compelling payment of an administrative expense claim to Mahwah for unpaid amounts incurred by the Debtor for use and possession of commercial property during the period since the Petition Date (defined below), and respectfully states:

121828106.v1

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The statutory predicate for the relief requested herein is Section 503(b)(1)(A) of Title 11 of the United States Code (the "Bankruptcy Code").

**BACKGROUND**

**A. Relevant Procedural History**

3. The Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code on January 8, 2021 (the "Petition Date").

4. On the Petition Date, the Debtor and Mahwah were parties to a certain lease dated September 11, 2013 (as amended, the "Lease"), with respect to commercial property utilized by the Debtor located at 70-82 McKee Drive and 90 McKee Drive, Mahwah, New Jersey (the "Property").

5. The Lease's term was to expire on December 31, 2025.

6. On the Petition Date, the Debtor filed a *Motion to Reject Non-Residential Real Estate Leases* (the "Rejection Motion") [D.I. 14], which, among other things, sought to reject the Lease.

7. As noted by the Debtor in the Rejection Motion, the Debtor "continues to operate its business as debtor-in-possession pursuant to sections 1107(a), 1108 and 1184 of the Bankruptcy Code."

8. On January 15, 2021, the Court entered an *Order Authorizing Rejection of Non-Residential Real Estate Lease as of January 8, 2021* (the "Rejection Order") [D.I. 45]. Pursuant to the Rejection Order, the Lease was deemed rejected effective as of the Petition Date

**B.    The Lease and Mahwah's Administrative Claim**

9. As of the Petition Date, the Lease provided that the Debtor make the following payments to Mahwah:

   (a) Monthly fixed rent in the amount $25,248.01 ($302,976.12 annually) due on the first day of each calendar month.

   (b) Monthly additional rent for operating expenses in the amount of $4,882.16 due on the first day of each calendar month.

   (c) Additional rent for real estate taxes in the amount of $4,520.07 per month due on the first day of each calendar month.

   (d) Additional rent for insurance in the amount of $394.59 per month due on the first day of each calendar month.

10. Since the Petition date and through the date hereof, the Debtor has continued to use and possess the Property notwithstanding the Rejection Order authorizing rejection of the Lease as of the Petition Date. As of the time of this filing the Debtor has not remitted any payment to Mahwah for its occupancy, use, and enjoyment of the Property during the post-petition period.

11. For the three monthly billing cycles that have elapsed since the Petition Date (the payment dates of such billing cycles being February 1, March 1, and April 1, 2021) the Debtor owes $105,134.49 in post-petition base rent and additional rent under the Lease, as set forth in the following table:

| February - April 2021 Segment | | |
|---|---|---|
| Month of Charge | Description | Amount Due / (Credit) |
| February 2021 | Base Rent | 25,248.01 |
| February 2021 | Insurance | 394.59 |

3

| | | |
|---|---|---:|
| February 2021 | Operating Expenses | 4,882.16 |
| February 2021 | Real Estate Taxes | 4,520.07 |
| March 2021 | Base Rent | 25,248.01 |
| March 2021 | Insurance | 394.59 |
| March 2021 | Operating Expenses | 4,882.16 |
| March 2021 | Real Estate Taxes | 4,520.07 |
| April 2021 | Base Rent | 25,248.01 |
| April 2021 | Insurance | 394.59 |
| April 2021 | Operating Expenses | 4,882.16 |
| April 2021 | Real Estate Taxes | 4,520.07 |
| **Total:** | | **105,134.49** |

12. Of further note, Section 18.2 of the Lease provides that if the Debtor holds over possession of the Property beyond the termination date of the Lease, "the charge for use and occupancy of the Premises for each calendar month or portion thereof that Tenant holds over (even if such portion shall be one day) shall be in a liquidated sum equal to one-twelfth (1/12th) of the sum of: (y) (i) one and one half (1.5) times the Base Rent), with respect to the first and second months of such holdover, and (ii) two (2) times the Base rent with respect to the third and each subsequent month of such holdover, plus (z) the Additional Rent required to be paid by Tenant during the Lease Year prior to the Termination Date." Therefore, if applying the holdover provisions of the Lease after the lease was rejected by the Debtor, the post-petition rent owed by the Debtor would be approximately **$155,630.51** (the "Administrative Claim").

13. Additionally, Mahwah has filed a proof of claim [Claim No. 56-3] for (i) pre-petition rent totaling $240,758.19 for the period dating from February 2020 through the Petition Date, and (ii) rejection damages as a result of the Rejection Order for $424,743.34.

**RELIEF REQUESTED**

14. Mahwah respectfully requests entry of an order, substantially in the form of order submitted herewith (the "Proposed Order"), (i) granting an allowed administrative expense claim in the amount of $155,630.51 for amounts due to Mahwah during the post-petition occupancy

period pursuant to section 503(b)(1) of the Bankruptcy Code and the holdover provision of the Lease and (ii) requiring the Debtor to immediately pay the Administrative Claim.

## BASIS FOR RELIEF

15. Section 503(b)(1)(A) of the Bankruptcy Code provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including – the actual, necessary costs and expenses of preserving the estate…"

16. "An administrative expense claim is entitled to priority under Section 503(b)(1)(A) if: (1) there was a 'post-petition transaction between the claimant and the estate,' and (2) those expenses yielded a 'benefit to the estate.'" *In re Energy Future Holdings Corp.*, 990 F.3d 728, 741 (3d Cir. 2021) (citing *In re Women First Healthcare, Inc.*, 332 B.R. 115,121 (Bankr. D.Del. 2005).

17. Notably, a debtor-in-possession's utilization of property post-petition constitutes a transaction for purposes of Section 503(b)(1)(A). *See Global Metallurgical, Inc.*, 312 B.R. 34, 40 (Bankr. S.D.N.Y. 2004) (holding that the debtor-in-possession's post-petition usage of energy and the electric provider's supply of energy constituted a transaction entitled to administrative expense priority under Section 503(b)(1)(A)). A debtor-in-possession's actual use of a third-party's property confers a concrete benefit on the estate, thereby entitling the third-party to an administrative expense claim. *In re Patient Educ. Media, Inc.,* 221 B.R. 97, 102-03 (Bankr. S.D.N.Y. 1998). In this vein, the allowance of an administrative expense priority under section 503(b)(1)(A) to those expenses actual and necessary to preserve the debtor's estate prevents unjust enrichment to the estate. *In re Grand Union Co.*, 266 B.R. 621, 625 (Bankr. D.N.J. 2001).

18. Here, although the Lease was rejected as of the Petition Date, the Debtor maintains possession and use of the Property as of the date of this filing. Presumably the Debtor sought the Rejection Order to limit the liabilities it owed for rent, but it continued to use the Property after

5

the date of the Rejection Order. Further, the Debtor's continued use and occupancy of the Property has deprived Mahwah of the ability to release the Property. The Debtor was therefore using a third party's property for the benefit of the estate at the expense of Mahwah, and the Debtor is obligated to compensate Mahwah for its occupancy and use of the Property during the post-petition occupancy period as required under the Lease.

19. Additionally, courts have discretion as to whether to provide for immediate payment of an administrative expense claim. *See In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002) (citing *Matter of Baptist Medical Center of New York, Inc.*, 52 B.R. 417, 421 (Bankr. E.D.N.Y. 1985); *In re Global Home Prods., LLC*, 2006 Bankr. LEXIS 3608, at *10-11 (Bankr. D. Del. Dec. 21, 2006). Courts look to a variety of factors in determining whether to order immediate payment, including (i) bankruptcy's goal of orderly and equal distribution among creditors, (ii) the particular needs of the administrative claimant, and (iii) the length and expense of the case's administration. *Id*. Other courts have interpreted these factors as (i) prejudice to the debtors, (ii) hardship to the claimant, and (iii) potential detriment to other creditors. *See Global Home Prods., LLC*, 2006 Bankr. LEXIS 3608, at *12. Courts use their discretion as to timing to "ensure the "orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets," especially if there is a doubt as to the administrative solvency of the debtor overall." *In re King*, 392 B.R. 62, 68 (Bankr. S.D.N.Y. 2008) (citing, among various cases, *In re HQ Global Holdings, Inc.*, 282 B.R. at 173).

20. The Debtor should have tendered payment to Mahwah in the ordinary course, or sought an order of the Court to do so, for amounts due under the Lease for the period after the Rejection Order (but while Mahwah maintained possession and use of the Property) when due on February 1, March 1, and April 1, 2021. Immediate payment of rent for that period is therefore

not only appropriate, but overdue.  With respect to the rent period after the Petition Date, the Debtor continued to occupy, use, control, and enjoy the Property during that time in connection with its chapter 11 case, while Mahwah absorbed all of the costs without any compensation from the Debtor.  Mahwah has been further harmed by the fact that the Debtor's continued use and occupancy of the Property have prevented Mahwah from releasing the Property,

21. Additionally, the Debtor had been enjoying the use and occupancy of the Property for the eleven (11) months prior to the Petition Date without making any payments to Mahwah, resulting in Mahwah also have a large pre-petition claim.  Given the benefit that the Debtor and the estate received and the expenses incurred by Mahwah, immediate payment of the post-petition rent is appropriate under section 503(b)(1)(A) of the Bankruptcy Code and to prevent the unjust enrichment of the Debtor's estate at the expense of Mahwah as an administrative and post-petition creditor.

## NOTICE

22. Full copies of this Motion will be served on the Debtor, counsel to the Debtor, all parties having filed a notice of appearance in this matter, the Office of the United States Trustee, and the subchapter v trustee.  Mahwah submits that such notice is adequate and proper and requests that the Court make a determination that the notice is adequate and proper.

23. No previous motion or application for the relief sought herein has been made to this or any other Court.

## CONCLUSION

24. Based on the foregoing, Mahwah respectfully requests that the Court enter an order, substantially in the form of the Proposed Order, (i) granting Mahwah and allowed administrative expense claim in the amount of $155,630.51 on account of amounts due under the Lease during

the post-petition occupancy period; (ii) requiring the Debtor to immediately pay such allowed administrative expense claim; and (iii) granting such other and further relief as the Court deems just and proper.

                              **FOX ROTHSCHILD LLP**
                              *Attorneys for Mahwah Property Owner, LLC*

                              By: */s/ Michael R. Herz*
                                    Michael R. Herz, Esq.
                                    Joseph A. Caneco, Esq.

Dated: April 20, 2021

121828106.v1